UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZACKARY T. STETINA,
     Plaintiff,

v.                                                                                              Case No. 22-C-340

WARDEN J. WELLS, et al.,
     Defendants.

## SCREENING ORDER

Plaintiff Zackary T. Stetina, an inmate confined at the Racine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants subjected him to unconstitutional conditions of confinement. The plaintiff paid the full $402 filing fee. This order screens his complaint.

### I. SCREENING THE COMPLAINT

**A. Federal Screening Standard**

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The complaint names Racine Warden J. Wells, Unit Manager Heidt, Sergeant Grow, and Captain Jones as defendants. According to the complaint, the plaintiff was moved to segregation and housed with another inmate on October 4, 2021. The next day, the plaintiff used the toilet, but it would not stop flushing. It stopped flushing later that night but continued to run. The plaintiff says the noise of the toilet "was excessively loud" in the small, concrete cell. ECF No. 1 at 2. The plaintiff told Sergeant Grow about the issue, and Grow put in a work order.

The next day, October 6, 2021, a maintenance worker unsuccessfully attempted to repair the toilet, which continued to run. The plaintiff and his cellmate repeatedly complained about the running toilet to "numerous staff members" who passed their cell during rounds. *Id.* at 3. On October 7, 2021, the plaintiff "noticed a strong odor and the appearance of feces" in the toilet. *Id.* The plaintiff says this was not from him or his cellmate's use of the toilet. He and his cellmate continued complaining about the issue to staff, but the toilet continued to run, causing water and waste to splash onto the cell floor.

After several days, Sergeant Grow shut off the water in the cell. The toilet stopped running, but the plaintiff and his cellmate were left without drinking water or use of the toilet. Staff infrequently turned on the water, which caused the toilet to run again. The water would then splash on the plaintiff and his cellmate when they tried to use the toilet. The plaintiff and his cellmate became anxious and combative because of the unpleasant conditions. The plaintiff alleges he suffered migraines from a lack of sleep. He says he "followed the proper chain of command" by sending request forms about the toilet to the supervisor in charge, the captain, and the unit manager. *Id.* at 5. Only Captain Jones responded to the plaintiff's requests. On October 11, 2021, after a week of the ordeal, an inmate worker came to the unit and repaired the toilet.

The plaintiff asserts that prison staff were deliberately indifferent to his need for a working toilet and running water. He seeks compensatory damages and asks that the court order the defendants to be retrained "so that they may be informed about deliberate indifference." *Id.* at 7.

3

Case 2:22-cv-00340-LA   Filed 04/29/22   Page 3 of 8   Document 3

**C. Analysis**

Under the Eighth Amendment, a state may not subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981)). Only "extreme deprivations" amount to cruel and unusual conditions of confinement. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). I must judge the alleged conditions "in accordance with contemporary standards of decency," i.e., whether society has chosen to tolerate the conditions in prisons. *Id.*; *see Helling v. McKinney*, 509 U.S. 25, 36 (1993).

An Eighth Amendment claim consists of objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he has been deprived of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 347). The subjective component requires a prisoner to demonstrate that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

Determining whether the alleged conditions constitute cruel and unusual punishment is fact intensive. Cases in this court and this Circuit have concluded that allegations like the plaintiff's both did and did not violate the Eighth Amendment. *See Lindell v. Pollard*, 558 F. Supp. 3d 734, 2021 WL 4034150, at *11 (E.D. Wis. Sept. 3, 2021) (citing cases). Often the decision turns on the extent of the conditions and whether the inmate was provided a way to clean himself or the cell. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (citing cases). The plaintiff alleges that he spent a week in a segregation cell with another inmate, without a functioning toilet, and without running

water for several days. The running toilet disrupted his sleep and caused migraines and fights with his cellmate. The soiled water from the toilet splashed onto the floor and the plaintiff when he attempted to use the toilet. Staff shut off the water but provided only occasional water access to use the sink or toilet.

Construing these allegations in the plaintiff's favor, as I must at this early stage of litigation, I conclude that they satisfy the objective component of an Eighth Amendment claim. The plaintiff's allegations that he repeatedly told Sergeant Grow about the conditions, and Grow either failed or refused to adequately address them, satisfy the subjective component. The plaintiff may proceed on this claim against Sergeant Grow.

The plaintiff does not state a claim against Warden Wells, Unit Manager Heidt, or Captain Jones. He alleges that he sent request forms to these defendants, but only Captain Jones responded. He does not say what Jones's response was or whether he addressed the issue. Supervisors and administrators at prisons are responsible for only their own conduct, not the conduct or decisions of their subordinates. *Day v. Subsecretario del Sistema Penitenciario Federal*, 838 F. App'x 192, 193 (7th Cir. 2021). This is so even if the officials "receive a letter complaining about those decisions and do not intervene." *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009)). That the warden and unit manager may have received the plaintiff's complaints about his toilet and did not act on them does not render them liable for the conditions in the plaintiff's cell during this one week. Nor is Captain Jones liable for responding to his requests, even if he did not address the issue.

The plaintiff also alleges he told numerous staff members about the issue, but none of them addressed it. It is possible that one or more of these staff members, like Sergeant

Grow, could have addressed the issue but chose not to. That conduct could constitute deliberate indifference. I will add a John Doe placeholder to represent the unknown defendant or defendants. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996). The plaintiff must use discovery to learn the name(s) of the Doe defendant(s). Once Sergeant Grow has responded to the complaint, I will enter a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions. The order will also set a deadline for the plaintiff to identify the Doe defendant(s) and will provide the plaintiff additional information for identifying the Doe defendant(s). **The plaintiff should not start the process for identifying the Doe defendant(s) until I enter the scheduling order.**

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Warden J. Wells, Unit Manager Heidt, and Captain Jones are **DISMISSED**. The clerk shall terminate them from the docket.

**IT IS FURTHER ORDERED** that the clerk shall **ADD** John Doe as a defendant.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Sergeant Grow at Racine Correctional Institution. It is **ORDERED** that, under the informal service agreement, Sergeant Grow shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 29th day of April, 2022.

/s/Lynn Adelman<br>
LYNN ADELMAN<br>
United States District Judge